# EXHIBIT A

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JESSICA S. PLINER, SB# 261976
2    Email: Jessica.Pliner@lewisbrisbois.com
   JOHANNA C. TEMPLETON, SB# 325810
3    Email: Johanna.Templeton@lewisbrisbois.com
   2185 North California Boulevard, Suite 300
4  Walnut Creek, California 94596
   Telephone: 925.357.3456
5  Facsimile:  925.478.3260

6  Attorneys for Defendants
   LIFENEWS.COM, LLC and
7  STEVEN ERTELT, erroneously
   sued as STEVEN ERTLET

8

9              UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 | ASHLEY NECHUTA, an individual,           | Case No.

13 | Plaintiff,                               | **DEFENDANTS LIFENEWS.COM, LLC AND STEVEN ERTELT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

14 | vs.

15 | LIFENEWS.COM, LLC; STEVEN ERTLET; and DOES 1-20, inclusive, | **[DIVERSITY]**

16 | Defendants.

17

18      **TO THE HONORABLE COURT, PLAINTIFF HEREIN, AND HER RESPECTIVE**

19 **ATTORNEYS OF RECORD**

20      **PLEASE TAKE NOTICE** that on November 18, 2021, Defendants LIFENEWS.COM,

21 LLC and STEVEN ERTELT, erroneously sued as STEVEN ERTLET ("Defendants"), by and

22 through their counsel, file this Notice pursuant to 28 U.S.C. §§ 1332(a), 1441(b) (diversity of state

23 citizenship), 28 U.S.C. §§ 1441(c) and 1446(b)(3), and Fed. R. Civ. P. 81(c) with the Clerk of the

24 Court for the United States District Court, Northern District, and the supporting pleadings to

25 accomplish the removal of this action pending in the Superior Court of the State of California in and

26 for the County of San Francisco, entitled *Ashley Nechuta, an individual v. Lifenews.com, LLC;*

27 *Steven Ertlet; and Does 1-20, inclusive,* San Francisco Superior Court Case No. CGC-21-594372,

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  commenced on August 9, 2021, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §§

2  1332(a) and 1441(b) as follows:

**I.    JURISDICTION AND VENUE**

3

4       1.     The Court has jurisdiction of this civil action based upon diversity of citizenship

5  pursuant to 28 U.S.C. § 1332(a) and Defendants LifeNews.com, LLC and Steven Ertelt may remove

6  this action to this Court in accordance with 28 U.S.C. § 1441(a), because this is an action between

7  citizens of different states, and (b) the amount in controversy exceeds $75,000, exclusive of interest

8  and costs, as set forth below. (28 U.S.C. §§ 1332, 1441(a), and 1446(b)).

9       2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391, and 1446.

**II.   STATUS OF THE PLEADINGS**

10

11      3.     On August 9, 2021, Plaintiff ASHLEY NECHUTA ("Plaintiff"), by and through her

12  attorneys of records, filed a civil action in the Superior Court of California for the County of San

13  Francisco, entitled *Ashley Nechuta, an individual v. Lifenews.com, LLC; Steven Ertlet; and Does 1-*

14  *20, inclusive,* San Francisco Superior Court Case No. CGC-21-594372.

15      4.     On October 19, 2021, Plaintiff served copies of her Complaint and Summons. True

16  and correct copies of the Summons and Complaint are attached as **Exhibit A**.

17      5.     Defendants filed this Notice of Removal within the thirty (30)-day time limit for

18  removal set forth in 28 U.S.C. § 1446(b)(3).

19      6.     Plaintiff's Complaint arises out of events related to the allegations against

20  Defendants of defamation, false light, and negligence based on Defendant's use of a stock

21  photograph found by using Google Images search engine, which depicted two police officers, one

22  of which was Plaintiff.  This photograph was featured in an article published by Defendants about

23  legislation that was pending in the California, the California Law Enforcement Accountability

24  Reform Act ("LEARA").  The article discussed that LEARA governed police officer screenings

25  with respect to their hiring and firing for their association with "hate speech" and "hate groups", and

26  mentioned critics felt that the proposed legislation was overbroad such that it could potentially be

27  used to discriminate against Christians, Muslims, persons associated with Pro-Life organizations,

28  and conservatives.  Plaintiff alleges that she is no longer a police officer, a Democrat, pro-choice,

4889-5715-9427.1                          2

1   an Atheist, and an "out" member of the LGBTQ community.  She also alleges that because of

2   Defendants' use of the photograph on its website, she has suffered "great harm to her personal and

3   professional reputation", including "shame, mortification, and hurt feelings as she is being portrayed

4   as being a part of a community that she does not support."

5       7.      Plaintiff, who on information and belief, is a resident and citizen of the State of

6   California, asserts the following claims for relief: 1) Defamation; 2) False Light; and 3) Negligence.

7   (See **Exhibit A.**)

8   **III.      REMOVAL IS PROPER BASED UPON DIVERSITY OF CITIZENSHIP**

9       8.      This action may be removed to this Court by Defendants pursuant to the provisions

10  of 28 U.S.C. §§ 1332(a) and 1441(b), in that it is a civil action between citizens of different states

11  and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12      **A.      Plaintiff and Defendants Are Not Citizens of the Same State, the First Basis for
            Diversity Jurisdiction**

13

14      9.      Plaintiff was at all times, a resident of the State of California, and a citizen of the

15  State of California.  (Complaint, ¶ 1, Ex. A.)

16      10.     Defendant LifeNews.com, LLC, at all times relevant to this case, has been a limited

17  liability company, registered in Colorado, as such organized under the laws of the Colorado.

18  (Complaint, ¶ 3, Ex. A.)

19      11.     Defendant LifeNews.com, LLC's company headquarters and principal place of

20  business is located in Fort Collins, Colorado.  (Complaint, ¶ 3, Ex. A.)  At the time Plaintiff's

21  Complaint was filed, and at the time of this Notice of Removal was filed, LifeNews.com, LLC's

22  principal place of business is not in California, but instead is in Fort Collins, Colorado.

23      12.     Defendant LifeNews.com, LLC is, therefore, a citizen of Colorado for purposes of

24  28 U.S.C. § 1332(c)(1).

25      13.     Defendant Steven Ertelt has lived in Fort Collins, Colorado since 2008, and Fort

26  Collins, Colorado is his primary residence where he intends to remain.  (Complaint, ¶ 3, Ex. A.)

27  Therefore, Defendant Steven Ertelt is a citizen of Colorado for purposes of 28 U.S.C. § 1332(c)(1).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.     Plaintiff is a citizen of the State of California. Consequently, Plaintiff and Defendants LifeNews.com, LLC and Steven Ertelt are not citizens of the same state and removal based on diversity of citizenship/residency is proper.

15.     From its Fort Collins, Colorado headquarters, LifeNews.com, LLC directs, controls, and coordinates activities which include, but are not limited to, the following: (1) matters relating to the website's operations; (2) matters relating to LifeNews.com, LLC's articles; (3) matters relating to LifeNews.com, LLC's advertising or marketing; (4) matters relating to the information technology of LifeNews.com, LLC; and (5) matters relating to the tax obligations of LifeNews.com, LLC.

16.     For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State...by which it has been incorporated and of the State...where it has its principal place of business." 28 U.S.C. § 1332(c)(1). While a corporation's state of incorporation can be determined with ease, its principal place of business often proves elusive. To simplify the jurisdictional inquiry, the Supreme Court has defined "principal place of business" to mean "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, (2010). This "nerve center" is "typically...found at a corporation's headquarters." *Id.* at 81. *3123 SMB, LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

**B.     The Amount in Controversy Exceeds $75,000, the Second Basis for Diversity Jurisdiction**

17.     Defendants dispute that they are liable for any damages whatsoever to Plaintiff. Nevertheless, Defendants can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

18.     Pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1332, this case meets the elements of diversity jurisdiction if it is a civil action between citizens of different states/countries and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Where it

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4889-5715-9427.1                                    4

**DEFENDANTS LIFENEWS.COM, LLC AND STEVEN ERTELT'S**
**NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

1  is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, "the

2  removing defendant bears the burden of establishing, by a preponderance of the evidence, that the

3  amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*,

4  726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted); *Sanchez v.*

5  *Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

6       19.     In her Complaint, Plaintiff seeks damages specifically for:

7       a)     Great harm to her personal and professional reputation, severe shame mortification

8  and hurt feelings;

9       b)     For general damages, medical expenses past and future, incidental damages, loss

10  of earning capacity, as against Defendants, and each of them, in an amount to be determined at trial;

11       c)     For "punitive damages and exemplary";

12       d)     For costs of suit of this litigation;

13       e)     For pre and post-judgment interest on all damages; and,

14       f)     For all such other and further relief as this Court deems just and appropriate.

15  (See Exhibit A, Complaint, ¶32, Prayer, pg. 8).

16       20.     Notably, while Plaintiff includes an allegation in paragraph 32 of her Complaint

17  describing her general damages (severe shame, mortification, emotional distress and hurt feelings)

18  and includes a statement in the very next paragraph (33) that "[a]ll of the above-described damages

19  are in an amount which cannot be presently ascertained but which Plaintiff is informed and believes

20  do not exceed $74,999.99 according to proof at trial," she also seeks other damages in addition to

21  the $74,999.99 of "above-described" damages.  For example, in her prayer, she seeks loss of earning

22  capacity damages and medical expenses and incidental damages and punitive damages. Certainly,

23  all of these other damages (medical expenses, loss of earning capacity, incidental damages and

24  punitive damages) are likely to exceed two cents ($0.02) - bringing the amount in controversy above

25  $75,000.

26       21.     In assessing, a court must assume that the allegations of the complaint are true and

27  assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.

28  *Campbell v. Vitran Express, Inc*. 471 F.App'x 646, 648 (9th Cir. 2012); quoting *Kenneth Rothschild*

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

**DEFENDANTS LIFENEWS.COM, LLC AND STEVEN ERTELT'S**
**NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

1   *Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal. 2002)—meaning the

2   court must take her allegation that she suffered $74,999.99 in general damages as true and that a

3   jury will return a verdict awarding all of the other damages she seeks, including punitive damages.

4   Here, without even knowing how much Plaintiff seeks in medical expenses, damages for loss of

5   earning capacity, and incidental damages in addition to the $74,999.99 in general damages,

6   Defendants can establish by the preponderance of evidence that the allegations of damages in the

7   Complaint alone exceed $75,000.

8          22.      It is well established that punitive damages are part of the amount in controversy

9   in a civil action, where they are recoverable under one or more of the plaintiff's claims for relief.

10  *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001).   To establish probable punitive

11  damages, a defendant may introduce evidence of jury verdicts in cases involving analogous facts.

12  *Simmons v. PCR Tech*., 209 F.Supp. 2d 1029 (N.D.Cal. 2002), see also *Faulkner v. Astro-Med, Inc.*,

13  1999 U.S. Dist. LEXIS 15801, 1999 WL 820198.

14         23.      Based on Plaintiff's own allegations, Defendants need only establish that Plaintiff

15  could be awarded two cents ($0.02) in punitive damages.   As set forth in the attached declaration

16  of Jessica Stuart Pliner, and the exhibits thereto, punitive damages have been awarded in defamation

17  and false light cases with similar allegations in amounts of $25,000 (*Bindrim v. Mitchell*, (1979) 92

18  Cal.App.3d 61) ("*Bindrim*"); $10 million (*Baker v. PrivatAir, Inc*; 2005 Jury Verdicts LEXIS

19  55651) ("*Baker*"); $1 million (*Hughes v. Carpenters*; 46 N. Cal. Counties Conference Bd; 2005

20  Jury Verdicts LEXIS) ("*Hughes*"); $500,000 (*Khalid Iqbal Khawar, et al. v. Globe International,

21  Inc.* (2021 Mealey's CA Jury Verdicts & Settlements 36) ("*Khalid*"); $500,000 to each plaintiff

22  (*Cohen et al. v. Hansen et al.*, 2016 Jury Verdicts LEXIS 1237) ("*Cohen*").

23         24.      In *Bindrim*, a psychologist sued a publisher and author of a novel for libelous

24  statements contained in the novel, including obscene and unprofessional language which the

25  plaintiff did not in fact use, and the Court of Appeal affirmed a judgment against the publisher

26  including $25,000 in punitive damages.  In *Baker*, a pilot sued an airline, flight attendant, and two

27  other pilots for defamation due to defamatory statements made by the flight attendant and the jury

28  awarded the plaintiff $10.01 million in punitive damages.  In *Hughes*, the owner of a drywall

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4889-5715-9427.1                                6

business that was being picketed by union members sued two union representatives for defamation and false light, alleging the defendants passed out flyers with a police report about him which contained a [false] indecent exposure accusation and the flyer insinuated he should not work with children. The plaintiff was awarded $1 million in punitive damages.  In *Khalid*, a photojournalist was awarded $500,000 in punitive damages for defamation, alleging that defendants used his photo in a book and identified him as an assassin of a famous politician.  In *Cohen*, the plaintiff was awarded $500,000 from each defendant in punitive damages when he sued for defamation and false light after discovering websites which had his name in the URL and that contained false and disparaging statements about him, including that he had been convicted of fraud.

25.     Based upon damages alleged in the Complaint, the preponderance of the evidence establishes the amount in controversy exceeds $75,000. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where defendant "can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount").  In *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018), an analogous diversity case, the Ninth Circuit held that "the amount in controversy is determined by the complaint operative at the time of removal and ***encompasses all relief a court may grant on that complaint if the plaintiff is victorious***." (*Id.*) Under that standard, this Court should consider the range of damages awards that Plaintiff would receive if she were to be victorious at trial.

26.     As such, in this particular case, in addition to the $74,999 that Plaintiff seeks in general damages, Defendants *can* include the damages sought for medical expenses, loss of earning capacity damages, incidental damages and punitive damages. It requires no great familiarity with the formulation of punitive damages as a multiple of compensatory damages, there is simply no question that the Court has diversity jurisdiction. Plaintiff's damages as alleged in her Complaint clearly meet the burden of proof of an amount in controversy, exceeding $75,000.

27.     This removal notice is filed in the United States District Court for the Northern District of California because the *Nechuta* action is pending in state court in the County of San Francisco, within this Court's jurisdiction.

28.     Defendants have sought no similar relief with respect to this matter.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**DEFENDANTS LIFENEWS.COM, LLC AND STEVEN ERTELT'S**
**NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

1    **WHEREFORE,** Defendants respectfully pray that this Notice of Removal be deemed good

2   and sufficient, and that Case No. CGC-21-594372 be removed from the Superior Court of

3   California, County of San Francisco, to the docket of this honorable Court, the District Court of the

4   United States, for the Northern District of California. Defendants have filed the Notice of Removal

5   of this action from the San Francisco County Superior Court, in which it is now pending; a copy of

6   this Notice has been served upon Plaintiff.

7

8   DATED: November 18, 2021                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

9

10                                      By:   _/s/ Jessica S. Pliner_

11                                            Jessica S. Pliner
                                             Johanna C. Templeton
                                             Attorneys for Defendants
12                                            LIFENEWS.COM, LLC. and STEVEN ERTELT,
                                             erroneously sued as STEVEN ERTLET

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4889-5715-9427.1                                8

**CERTIFICATE OF SERVICE**
*Nechuta v. Lifenews.com, LLC, et al.*
USDC-ND, San Francisco Division, Case No. _____

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 2185 North California Boulevard, Suite 300, Walnut Creek, CA, 94596.

On November 18, 2021, I served the following document:

**DEFENDANTS LIFENEWS.COM, LLC AND STEVEN ERTELT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(b)**

I served the document on the following person at the following address (including a fax number and email address, if applicable):

| | |
|---|---|
| Christopher B. Dolan Esq.<br>Aimee E. Kirby, Esq.<br>Cristina Garcia, Esq.<br>DOLAN LAW FIRM P.C.<br>1438 Market Street<br>San Francisco, CA 94102 | Tel:  (415) 421-2800<br>Fax: (415) 421-2830<br>Email: chris.dolan@dolanlawfirm.com<br>aimee.kirby@dolanlawfirm.com<br>cristina.garcia@dolanlawfirm.com |

The document was served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address Nicole.Tavis@lewisbrisbois.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: November 18, 2021

*/s/ Nicole Tavis*
Nicole Tavis

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4889-5715-9427.1

1
**CERTIFICATE OF SERVICE**

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** LifeNews.com LLC, Steven Ertlet, and DOES 1-20
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Ashley Nechuta
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street<br>San Francisco, California 94102-4515 | CASE NUMBER:<br>*(Número del Caso):*<br>~~CGC-21-594372~~ |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Christopher B. Dolan
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dolan Law Firm, PC
Dolan Law Firm, PC, 1438 Market Street, San Francisco, CA 94102                                    4154212800

| DATE: **09/01/2021**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **RONNIE OTERO** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant. Steven Ertlet
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
Westlaw Doc & Form Builder•

1  Christopher B. Dolan (SBN 165358)
2  Aimee E. Kirby (SBN 216909)
   Cristina Garcia (SBN 308161)
3  **DOLAN LAW FIRM, PC**
   1438 Market Street
4  San Francisco, California 94102
   Telephone: (415) 421-2800
5  Facsimile: (415) 421-2830
6
   Attorneys for Plaintiff,
7  ASHLEY NECHUTA

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12                          UNLIMITED JURISDICTION

13

14  ASHLEY NECHUTA,                          Case No.        **CGC-21-594372**

15          Plaintiffs,                      **COMPLAINT FOR DAMAGES FOR:**

16      v.                                   1. **DEFAMATION**
                                             2. **FALSE LIGHT**
17  LIFENEWS.COM LLC, STEVEN ERTLET and      3. **NEGLIGENCE**
18  DOES 1 to 20, inclusive,

19          Defendants.                      **DEMAND FOR JURY TRIAL**

20

21

22                              **PARTIES**

23      1.      Plaintiff, ASHLEY NECHUTA, is, and at all relevant times herein, a resident of the

24  County of San Francisco, State of California

25      2.      Plaintiff is informed and believes and thereupon alleges that Defendant

26  LIFENEWS.COM LLC ("LIFENEWS") is a limited liability corporation organized under the laws of

27  Colorado with its principal place of business in Fort Collins, Colorado.

28      3.      Plaintiff is informed and believes and thereupon alleges that Defendant STEVEN

    ERTLET ("ERTLET") is a resident of the County of Denver, Colorado, and is the founder and editor of

                                            1

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**08/09/2021**
**Clerk of the Court**
BY: RONNIE OTERO
                Deputy Clerk



LIFENEWS.

4.     Plaintiff is informed and believes and thereupon alleges that Does 1-20 are at all relevant times herein, were employed by defendant LIFENEWS in some capacity.  Plaintiff is unaware of the true names and capacities of those defendants sued herein as Defendants DOES 1 through 20, and therefore, sues Defendant by such fictitious names.

5.     Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOE, was and is legally, equitably, or in some actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, with deliberate indifference, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged, legally and proximately caused the hereinafter alleged injuries and damages to the Plaintiff.  Plaintiff will hereafter seek leave to amend this Complaint to set forth the true names and identities of the unknown names DOE Defendants when they are ascertained.

6.     Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, each of the defendants sued herein was the agent, alter ego, servant, employee, successor-in-interest, and/or joint venturer of each of the other defendant(s) and was, as such, acting within the time, place, purpose, scope, and authority of said agency, service, employment, successor-in-interest and/or joint venture and that each and every defendant as aforesaid, when acting as a principal, was negligent in the selection, hiring, training and/or supervision of each and every other defendant as an agent, servant, employee, successor-in-interest and/or joint-venturer.

7.     Plaintiff is informed, believes, and thereupon alleges that LIFENEWS, ERTLET, and each of the DOE Defendants (collectively hereinafter known as "Defendants") are in some manner responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

8.     Each Defendant is the agent, servant, and/or employee of the other Defendants, and each Defendant was acting within the course and scope of his, her, or its authority as an agent, servant, and/or employee of the other Defendants. Defendants and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

2

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

9.      Each of the individual Defendants sued herein is sued both in their individual and personal capacity as well as in their official capacity.

## JURISDICTION AND VENUE

10.      This Court has personal jurisdiction over each and every one of the Defendants because LIFENEWS has availed itself to this Court's jurisdiction by regularly publishing articles that reach California residents.  Venue in this Court is proper because a substantial part of the events giving rise to Plaintiff's claims arose and injuries sustained by Plaintiff occurred, within this judicial district.

## FACTUAL ALLEGATIONS

11.      Plaintiff is informed and believes, and thereupon alleges, that LIFENEWS is an independent news agency devoted to reporting news that affects the pro-life community.  LIFENEWS proclaims to reach 750,000 pro-life advocates each week nationwide via their website, email news reports, social networking outreach, and weekday radio program.  LIFENEWS proclaims that it has been using the internet since 1992 to bring pro-life news to the pro-life community nationally.

12.      Plaintiff is informed and believes, and thereupon alleges that ERTLET is the founder and editor of LIFENEWS and maintains a Twitter handle known as @StevenErtlet and that he posts articles appearing on LIFENEWS on his Twitter page.

13.      Plaintiff is informed and believes, and thereupon alleges, that in addition to its website, LIFENEWS maintains a Facebook page and Twitter page on which their published articles appear.

14.      On March 18, 2021, at 7:33 a.m. LIFENEWS published an article entitled "California Bill Would Remove Police Officers Who are Christians or Pro-Life." The article was posted with an image of Plaintiff taken when she was a police officer for the San Francisco Police Department in 2014.

15.      LIFENEWS used Plaintiff's image without permission or warning.  Plaintiff did not become aware of the photo until March 20, 2021, when she was approached by other individuals questioning her involvement with the article.

16.      Plaintiff e-mailed LIFENEWS immediately explicitly stating that she did not consent to the use of her image with their content.

17.      On March 21, 2021, at 7:45 a.m., ERTLET responded stating that they "removed the link to the image." Despite ERTLET's representation, upon searching the internet, Plaintiff discovered that her photo and the article were still posted to the LIFENEWS Facebook and Twitter account.  Plaintiff



3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  further discovered that the article had been shared 12,000 times on Facebook and over 700 times on

2  Twitter within just three days of the article being posted.

3    18.    Plaintiff sent another cease and desist and requested that LIFENEWS remove the post

4  from all social media under their control on March 22, 2021.  ERTLET replied at 9:02 am stating that

5  the post had been taken down.

6    19.    Despite ERTLET's representation Plaintiff discovered on May 25, 2021, that the article

7  and image were still posted on ERTLET's Twitter page and also references the article posted on the

8  LIFENEWS website.

9    20.    Plaintiff is a private figure and is not engaged in politics, sports, or public affairs.

10  Plaintiff is a Democrat, pro-choice, Atheist, and an out member of the LGBTQ community.  She works

11  for the City of Oakland in civilian oversight investigating police conduct which requires that she be

12  impartial.  She further has not been a police officer since 2016.

13    21.    Since the posting of the article, Plaintiff has been questioned about her integrity and

14  ability to perform her job duties on the City of Oakland civilian oversight committee.  As a result of the

15  widespread distribution of the article with her image, Plaintiff has suffered great harm to her personal

16  and professional reputation.   She has suffered severe shame, mortification, and hurt feelings as she is

17  being portrayed as being part of a community that she does not support.

18  **FIRST CAUSE OF ACTION- DEFAMATION**

19  **(By Plaintiffs against all Defendants)**

20    22.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this

21  complaint, as though fully set forth herein, each and all the allegations contained in paragraphs 1

22  through 21.

23    23.    The subject incident arose from a post on the LIFENEWS website, Facebook page, and

24  Twitter page that was published on March 18, 2021, at 7:33 a.m. LIFENEWS that is entitled "California

25  Bill Would Remove Police Officers Who are Christians or Pro-Life.  The article was posted with an

26  image of Plaintiff when she was a police officer for the San Francisco Police Department in 2014.

27    24.    Defendants and each of them used Plaintiff's image and likeness knowingly and

28  deliberately, without Plaintiff's prior consent.

  25.    The use of her image with the article is misleading, harmful, and supports the false

4



**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

assertion that Plaintiff supports those causes set forth by LIFENEWS.  LIFENEWS is a self-proclaimed pro-life news network, but Plaintiff is pro-choice, an Atheist, and an out member of the LGBTQ community.    The use of her image falsely makes her appear as if she stands for the same beliefs as LIFENEWS when she does not.

26.     LIFENEWS continued to allow the article with her image to be distributed despite being notified by Plaintiff that she did not consent to the use of her image.

27.     Defendants, and each of them, allowed their employees, agents, and/or managers to intentionally misrepresented Plaintiff by using her image without consent which exposed Plaintiff to an unreasonable risk of harm, specifically and especially as it relates to the defamation of her character. Defendants, and each of them, their employees, agents, and/or managers failed to use reasonable care to determine the truth or falsity of the article with Plaintiff's image.

28.     Further, Defendants, and each of them, knew that the statements set forth above were false, and acted maliciously or with oppression with the intent, or with despicable conduct, to harm Plaintiff in pursuit of their own agenda in posting the article on the LIFENEWS' website, Facebook, and Twitter for increased web traffic, exposure, and Pro-life community support.

29.     At no time did Plaintiff submit the post or the photograph to LIFENEWS or ERTLET. At no time did Plaintiff consent to the use of her private photograph by Defendants.

30.     As a result of the widespread distribution of the article, Plaintiff is being questioned about her involvement or appeared support of the contents of the article and it is affecting her ability to perform her job duties on the City of Oakland Oversight committee where it is imperative that she remain impartial.

31.     As a direct and proximate result of the publication of the post with her image, Plaintiff has suffered and will continue to suffer, significant damage to her personal and professional reputation. As a result of the damage to her reputation, Plaintiff's relationships have been and will continue to be, adversely affected.

32.     Additionally, as a direct and proximate, result of the publication of the article, Plaintiff has suffered severe shame, mortification, emotional distress, and hurt feelings as she is being portrayed as being part of a community that she does not support.

33.     All of the above-described damages are in an amount which cannot be presently



5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

ascertained but which Plaintiff is informed and believes do not exceed of $74,999.99 according to proof at trial.

34.    Plaintiff is informed and believes that Defendants, and each of them, intentionally and willfully published the article about Plaintiff to injure her and/or harm her reputation, and by ratifying, encouraging, endorsing, and/or facilitating such despicable, oppressive and malicious conduct, as described herein, Defendants, and each of them, were deliberately indifferent to the risk of harm to Plaintiff. Therefore, Plaintiff is entitled to punitive damages and exemplary, in addition to actual damages, pursuant to Civ. Code § 3294(a), against Defendants and each of them.

## SECOND CAUSE OF ACTION- FALSE LIGHT

### (By Plaintiff against all Defendants)

35.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as though fully set forth herein, each and all the allegations contained in paragraphs 1 through 34.

36.    The false light created by the article would be highly offensive to a person in Plaintiff's position, a Democrat, Atheist, and Pro-Choice supporter.

37.    Defendants, inclusive, and each of them, knew that the publication of her image would create a false impression about Plaintiff or acted with reckless disregard for the truth.

38.    Defendants, inclusive, and each of them, were further negligent in determining the truth of the information or whether a false impression would be created by the publication of Plaintiff's image with LIFENEWS' content.

39.    At no time did Plaintiff submit the post or the photograph to LIFENEWS or ERTLET. At no time did Plaintiff consent to the use of her private photograph by Defendants.

40.    The use of her image with the article casts Plaintiff in false light as it supports the false assertion that Plaintiff supports those causes set forth by LIFENEWS. LIFENEWS is a self-proclaimed pro-life news network, but Plaintiff is pro-choice, Atheist, and an out member of the LGBTQ community.    The use of her image falsely makes her appear as if she stands for the same beliefs as LIFENEWS when she does not.

41.    As a direct and proximate result of the publication of the post with her image, Plaintiff has suffered and will continue to suffer, significant damage to her personal and professional reputation.

6



**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

As a result of the damage to her reputation, Plaintiff's relationships have been and will continue to be, adversely affected.

42.     Additionally, as a direct and proximate, result of the publication of the article, Plaintiff has suffered severe shame, mortification, emotional distress, and hurt feelings as she is being portrayed as being part of a community that she does not support.

43.     All of the above-described damages are in an amount which cannot be presently ascertained but which Plaintiff is informed and believes do not exceed of $74,999.99 according to proof at trial.

44.     Plaintiff is informed and believes that Defendants, and each of them, intentionally and willfully published the article about Plaintiff to injure her and/or harm her reputation, and by ratifying, encouraging, endorsing, and/or facilitating such despicable, oppressive and malicious conduct, as described herein, Defendants, and each of them, were deliberately indifferent to the risk of harm to Plaintiff. Therefore, Plaintiff is entitled to punitive damages and exemplary, in addition to actual damages, pursuant to Civ. Code § 3294(a), against Defendants and each of them.

### THIRD CAUSE OF ACTION- NEGLIGENCE

### (By Plaintiff against all Defendants)

45.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this complaint, as though fully set forth herein, each and all the allegations contained in paragraphs 1 through 44.

46.     Defendants, inclusive, and each of them, owed a duty to exercise reasonable and ordinary care to determine the truth or falsity of the article with her image to avoid exposing Plaintiff to an unreasonable risk of harm, specifically and especially as it relates to whether a false impression would be created by its publication.

47.     Defendants, and each of them, breached the above-articulated duty of care to Plaintiff by allowing their employees, agents, and/or managers to negligently and carelessly investigate the truth or falsity of the article with her image that exposed Plaintiff to an unreasonable risk of harm, specifically and especially as it relates to whether a false impression would be created by its publication.

48.     As a direct and proximate result of the publication of the post with her image, Plaintiff has suffered and will continue to suffer, significant damage to her personal and professional reputation.



7

As a result of the damage to her reputation, Plaintiff's relationships have been and will continue to be, adversely affected.

49. Additionally, as a direct and proximate, result of the publication of the article, Plaintiff has suffered severe shame, mortification, emotional distress, and hurt feelings as she is being portrayed as being part of a community that she does not support.

50. All of the above-described damages are in an amount which cannot be presently ascertained but which Plaintiff is informed and believes do not exceed of $74,999.99 according to proof at trial.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof;

2. For medical expenses, past and future, according to proof;

3. For incidental damages and expenses according to proof;

4. For loss of earning capacity according to proof;

5. For punitive damages;

6. For pre- and post-judgment interest;

7. For costs of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

DATED: August 9, 2021

DOLAN LAW FIRM, PC

By: _____
Christopher B. Dolan
Aimee E. Kirby
Corinne D. Orquiola
Attorneys for Plaintiff,
ASHLEY NECHUTA



8

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all causes of action which may be tried by a jury.

DATED:  August 9, 2021

**DOLAN LAW FIRM, PC**

By: _____

Christopher B. Dolan
Aimee E. Kirby
Cristina Garcia
Attorneys for Plaintiff,
ASHLEY NECHUTA



---

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): **CM-010**

Christopher B. Dolan   SBN: 165358
Aimee E. Kirby (SBN 216909); Corinne D. Orquiola (SBN 226969)
Dolan Law Firm, PC, 1438 Market Street, San Francisco, CA 94102

TELEPHONE NO.: (415) 421-2800   FAX NO.: (415) 421-2830
ATTORNEY FOR (Name): Ashley Nechuta

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME: Ashley Nechuta v. LifeNews.Com LLC, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-21-594372 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT: |

FOR COURT USE ONLY

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**08/09/2021**
Clerk of the Court
BY: RONNIE OTERO
Deputy Clerk

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[X] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/9/21

Aimee Kirby
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|         |                        |
|---------|------------------------|
| **DATE:**  | **JAN-12-2022**     |
| **TIME:**  | **10:30AM**         |
| **PLACE:** | **Department 610**  |
|            | **400 McAllister Street** |
|            | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**